UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ARTHUR L. HARRIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:18-cv-00303-JPH-DLP |
| WILLIAM E. WILSON, et al. | ) ) ) |
| Defendants. | ) |

**Order Denying Defendants' Motion for Summary Judgment**

Arthur Harris, a federal inmate formerly incarcerated at the United States Penitentiary in Terre Haute, Indiana (USP-TH), brings this civil action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Mr. Harris alleges that the defendants violated his Eighth Amendment rights by not providing constitutionally adequate medical treatment for his Hepatitis C and pain while he was incarcerated at USP-TH.

Presently pending before the Court is the motion for summary judgment filed by the defendants on January 4, 2019. Dkt. 23. The defendants argue that the claims are barred under the exhaustion provision of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1977e, that requires a prisoner to first exhaust his available administrative remedies before filing a lawsuit. Mr. Harris responds that the administrative remedy process was not available to him. The defendants replied to Mr. Harris's assertions. This motion is now fully briefed. For the reasons explained below, the motion for summary judgment, dkt. [23], is **denied.**

### I. Standard of Review

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ.

P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party, and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the PLRA, which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

It is the defendants' burden to establish that the administrative process was available to Mr. Harris. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 136 S. Ct. 1850, 1858 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (internal quotation omitted).

## II. Material Facts

The following facts, construed in the manner most favorable to Mr. Harris as the non-movant, are undisputed for purposes of the motion for summary judgment.[1]

### A. Federal Administrative Remedy Procedure

The Federal Bureau of Prisons (BOP) maintains an administrative remedy procedure through which an inmate may seek review of a complaint relating to any aspect of his confinement. Upon arrival at any BOP facility, all federal inmates attend an Admission and Orientation presentation where they are educated on the administrative remedy process, including how to properly file each submission. Inmates learn where to find BOP Policy and facility-specific supplements, and they are taught how to access the electronic law library. Inmates also receive a copy of the Admission and Orientation Handbook, which contains detailed information regarding the administrative remedy procedure. Records related to the administrative remedy process are

---

[1] Unless otherwise noted, these facts are taken from the defendants' brief in support of their motion for summary judgment. *See* dkt. 24.

maintained electronically in the SENTRY computer database. Each entry in the SENTRY database contains a short summary—written by BOP staff—of the issue raised by the inmate.

The federal administrative remedy procedure requires inmates to first attempt to resolve a complaint informally through a submission commonly referred to as a "BP-8." Because this is an informal attempt at dispute resolution, it is not recorded in the SENTRY database. If the informal resolution is not successful, an inmate may file a formal complaint with the Warden within twenty days of the date on which the alleged underlying incident occurred by filing a "BP-9." The SENTRY database identifies BP-9 submissions with the notation "F1" followed by the remedy identification number. The Warden has twenty days to respond to a BP-9 submission. If the Warden does not timely respond to the BP-9 submission, the inmate may deem the lack of a response to be a denial and proceed to the next level of the administrative remedy process.

If an inmate is not satisfied with the Warden's response to his BP-9 submission, he may appeal to the Regional Office through a submission referred to as a "BP-10." The SENTRY database records BP-10 submissions with an "R1" notation followed by the remedy identification number. The Regional Office has thirty days to respond to a BP-10 submission. If the inmate does not receive a timely response from the Regional Office, he may deem it to be a denial and proceed to the next level of the administrative remedy process.

If an inmate is unsatisfied with the Regional Office's response to his BP-10 submission, he may appeal to the General Counsel through a submission called a "BP-11." The SENTRY database identifies BP-11 submissions with the notation "A1" followed by the remedy identification number. The General Counsel must respond to a BP-11 submission within forty days. This is the final administrative appeal.

### B. Mr. Harris's Use of the Administrative Remedy Procedure

Mr. Harris was incarcerated at USP-TH from July 26, 2016, through December 11, 2018. The administrative remedy process outlined above was in effect at USP-TH during his incarceration there.

From July 25, 2016, to December 28, 2018, Mr. Harris submitted a total of five administrative remedy requests under three different remedy numbers. Specifically, he submitted the following:

1. On November 22, 2016, BOP staff received a submission from Mr. Harris characterized by BOP staff as "Staff allegation/unprofessional." This submission was closed with explanation on December 23, 2016, and Mr. Harris took no further action.

2. On October 31, 2017, BOP staff received a submission from Mr. Harris regarding "pain management." It was closed with explanation on November 14, 2017, and Mr. Harris appealed to the Regional Office on January 22, 2018. The appeal was denied on February 16, 2018. When Mr. Harris appealed to the General Counsel on May 22, 2018, his submission was rejected as untimely. Mr. Harris took no further action with respect to this submission.

3. On April 17, 2018, BOP staff received a submission from Mr. Harris concerning an appeal from a Discipline Hearing Officer. This submission was rejected on the same day, and Mr. Harris took no further action.

These are the only administrative remedy submissions documented in the SENTRY database.

Mr. Harris requested a BP-8 form on or around June 5, 2018. Dkt. 32. Counselor Rogers ignored this request. *Id.* Mr. Harris made multiple other attempts to get the necessary forms, but he was not successful. *Id.* Because he did not receive the necessary forms to exhaust the

administrative remedy procedure, and because he was concerned about his medical condition, he filed this action against the defendants. *Id.*

### III. Discussion

The defendants argue that Mr. Harris failed to exhaust the administrative remedy procedure regarding his claim. Dkt. 24 at 9. Mr. Harris, however, has provided testimony that he requested a BP-8 form from Counselor Rogers on approximately June 5, 2018, and that he "made multiple attempts to get the necessary forms" with no success. Dkt. 32 at 1. In reply, the defendants argue that the denial of one request for a BP-8 form "would not have prevented or even meaningfully interfered with [Mr.] Harris's ability to use the administrative remedy system" and that Mr. Harris's claims that he repeatedly tried to procure the necessary forms with no success is contradicted by the records maintained in the SENTRY database. Dkt. 33 at 2-3.

Mr. Harris has designated evidence showing that the administrative remedy process was not available to him. Although Mr. Harris filed grievances while incarcerated at USP-TH, the date of the last record in the SENTRY database predates the period when Mr. Harris alleges he unsuccessfully made multiple attempts to procure the necessary forms. "Exhaustion is not required when the prison officials responsible for providing grievance forms refuse to give a prisoner the forms necessary to file an administrative grievance." *Hill v. Snyder*, 817 F.3d 1037, 1041 (7th Cir. 2016).

The defendants have not provided sufficient evidence to refute Mr. Harris's assertions that he requested the necessary forms and his requests were denied. While facts demonstrating his knowledge and prior use of the grievance process are relevant, they do not answer the ultimate question, whether the administrative remedy process was available to him at the specific time he could attempt to exhaust. Mr. Harris stated that Counselor Rogers denied his request for a BP-8

6

form on approximately June 5, 2018, and he alleged that he tried to obtain the necessary forms on multiple other occasions and could not. The defendants have not provided any evidence to dispute Mr. Harris' claims that the administrative remedy process was unavailable to him on and after June 5, 2018.

Construing the facts in the light most favorable to Mr. Harris as the non-movant, the defendants have not demonstrated that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law. Accordingly, their motion for summary judgment, dkt. [23], is **denied.**

### IV. Rule 56(f) Notice and Further Proceedings

Mr. Harris has provided testimony which supports his claim that he attempted to exhaust the administrative remedy process, but that process was not available to him. In reply, the defendants did not submit any evidence, such as an affidavit from Counselor Rogers, to refute Mr. Harris's testimony and create a material issue of fact.[2]

Therefore, pursuant to Rule 56(f), the Court gives the defendants notice of its intent to grant summary judgment in the plaintiff's favor on this issue. The defendants shall have **through October 19, 2019,** in which to show cause why the Court should not grant summary judgment in the plaintiff's favor on this issue. Alternatively, the defendants may withdraw their affirmative defense by this date.

**SO ORDERED.**

---

[2] The Court declines the defendants' request in their brief in support of the motion for summary judgment for additional time to complete discovery on the issue of exhaustion if the Court finds that there are issues of material fact in dispute. The defendants could have completed discovery to support their motion before filing it or their reply brief and could have requested additional time to do so. Instead, they presented no evidence to rebut Mr. Harris's evidence that the administrative remedy process was unavailable to him because he lacked access to the necessary forms.

Date: 9/19/2019

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ARTHUR L. HARRIS
18772-051
TUCSON - USP
TUCSON U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 24550
TUCSON, AZ 85734

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov